UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED ALSHAIKHLI | * | CIVIL ACTION NO. 19-13552 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| STATE FARM AUTOMOBILE | * | JUDGE JAY C. ZAINEY |
| INSURANCE CO., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Supplemental and Amending Petition. (Rec. Doc. 9). For the following reasons, the Motion is DENIED.

Background

This lawsuit arises out of a car accident that occurred on October 14, 2018 when a vehicle operated by defendant Dwight Clark disregarded a stop sign and struck a vehicle operated by plaintiff Ahmed Alshaikhli at the intersection of Annunciation Street and Thalia Street in New Orleans. Mr. Alshaikhli filed the present lawsuit seeking damages for the injuries he suffered in state court on July 18, 2019. The matter was removed to this court by the defendants on November 11, 2019. The district court issued a scheduling order on February 11, 2020, setting trial to begin on November 2, 2020. The discovery deadline is September 14, 2020. The deadline to amend pleadings was March 27, 2020.

On May 4, 2020, Mr. Alshaikhli filed the present Motion for Leave to File Supplemental and Amending Petition. He seeks to add a claim against James River Insurance Company ("James River") for its alleged bad faith failure to make payment as required by statute. He alleges that James River failed to make payment within 30 days and within 60 days of his September 11, 2019 demand letter. He asserts that the new cause of action was not ripe at that time. He asserts that

facts and information uncovered at the deposition of his treating neurosurgeon on January 8, 2020, and his deposition on March 9, 2020, now support the bad faith claim.

James River opposes. It argues that Mr. Alshaikhli has failed to show good cause for missing the March 27, 2020, pleading amendment deadline. It also argues that the amendment would be futile because Mr. Alshaikhli does not allege any facts to support the allegation that James River acted arbitrarily and capriciously.

Law and Analysis

1. *Standard for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's

consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

For example, in S&W Enterprises, the Fifth Circuit affirmed the district court's denial of leave to amend because the movant had offered "effectively no explanation," additional discovery would be required, and a continuance would unnecessarily delay the trial. Id. at 536-37; see Santacruz v. Allstate Texas Lloyd's, Inc., 590 F. App'x 384, 389 (5th Cir. 2014) (affirming the district court's denial of a motion for leave to amend the complaint to add a breach of contract claim filed four months after the scheduling order deadline passed where the amendment would reopen discovery and permit the refiling of a dispositive motion).

2. Mr. Alshaikhli's Proposed Amendment

Here, the pleading amendment deadline had passed over thirty days before Mr. Alshaikhli sought leave to amend. Accordingly, he must satisfy Rule 16's good cause standard. The demand letter Mr. Alshaikhli alleges set the clock for James River's obligation to tender a reasonable offer was sent on September 11, 2019.  According to Mr. Alshaikhli's allegations, it was received by James River on October 3, 2019.  Thus, 60 passed on December 2, 2019, and having not received a tender, Mr. Alshaikhli should have been aware of a potential bad faith claim at that time. Yet no pleading amendment was sought in December. Mr. Alshaikhli argues that the reason he did not

file the amendment earlier is that the facts supporting his claim were not discovered until depositions conducted on January 8, 2020, and March 9, 2020. But he does not explain what information he needed to obtain from his own deposition or the deposition of his own treating physician to support a claim that James River failed to pay in bad faith. Nor does the proposed pleading contain any facts that would have been obtained from such depositions. Further, as James River points out, even if the depositions were necessary before the claim could be asserted, Mr. Alshaikhli does not explain why he failed to file this proposed amendment by the pleading amendment deadline of March 27, 2020, which was more than two weeks after the second of the cited depositions. Mr. Alshaikhli has offered effectively no explanation for his delay in timely failing his proposed amendment.

The second factor is the importance of the amendment. It is difficult to assess the importance of the amendment because Mr. Alshaikhli's proposed pleading includes only boilerplate allegations of bad faith failure to timely make payment. As James River points out, "[w]ithout more, an insurer's payment of less than the full value of an insured's loss is insufficient evidence of arbitrary and capricious behavior for purposes of §§ 22:1220 and 22:658." Dickerson v. Lexington Ins. Co., 556 F.3d 290, 299 (5th Cir. 2009). Nonetheless, because Mr. Alshaikhli's allegations might be sufficient to survive a motion to dismiss, the court finds the importance of the amendment weighs slightly in favor of allowing it.

Finally, the court considers the potential prejudice of allowing the amendment and whether that prejudice can be cured by a trial continuance. James River argues that if the amendment is allowed, it would be required to defend a meritless claim, including unnecessary depositions and motion practice. It adds that written discovery has already been exchanged. It also appears the deposition of the plaintiff has already occurred. The deadline to file dispositive motions is

September 1, 2020, and the deadline to complete discovery is September 14, 2020. Allowing the proposed amendment will require additional discovery and might require that some discovery be taken again. This will result in some prejudice to James River. While some of these concerns could be alleviated by a trial continuance, the cost of repetitive discovery could not be prevented. The court finds this factor weighs slightly against allowing the amendment.

On balance, the court finds that the Rule 16 factors prevent a finding of good cause. Most importantly, Mr. Alshaikhli has failed to offer a reasonable explanation for his failure to timely seek this amendment.

## Conclusion

For the foregoing reasons, the Motion for Leave to File Supplemental and Amending Petition. (Rec. Doc. 9) is DENIED.

New Orleans, Louisiana, this  11th  day of June, 2020.

Janis van Meerveld
United States Magistrate Judge